[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks a reassessment of its damages as a result of a condemnation by the State of a portion of its premises.
Before the taking on August 1, 1985 the plaintiff operated a licensed auto parts and salvage yard and in a portion of the CT Page 9803 front rented a gasoline station. At that time the property consisted of 1.32 acres fronting on East Service Road, which is adjacent to Route 91 in the City of Hartford. Access was gained westerly onto the East Service Road and southerly from Saybrook Street.
Damages have been assessed by the defendant in the sum of $82,000, which has been paid to the plaintiff.
The taking involved 0.14 acre on the east side of the then East Service Road and to a lesser extent on the northerly side of Saybrook Street. Also taken were a drainage easement, a slope easement, and a right to remove a small building, which was used for the gasoline station. Said taking is more fully set forth in the complaint.
The condemnation by the State has had further results. One of them is that the direction of the East Service Road was changed so that the property no longer fronts on the east side of the former Service Road. Rather, it now fronts on the Road in its relocated position to the east. The consequence of this is that the main building, which housed the office and the building for dealing in spare parts is now in the rear of the lot rather than in its front. Consequently, customers must walk farther if they enter from the new relocated East Service Road. The entrance from Saybrook Street should alleviate this situation.
Another consequence claimed to be unfavorable is a change in location of the Exit from Route 91 because it is now about one-half mile distant. Also, the land under the gas station cannot be used until the State removes the building. The plaintiff complains also of the slope rights which will alter the terrain to some degree. As to the access to the premises from Saybrook Street, it remains essentially as it was prior to the taking.
The plaintiff claims that because the building is now in the rear, it will be necessary to construct a new one that will be positioned better for access by its customers. This claim is not accepted. The market value may be affected, but it is felt that this is true to only a minor degree.
The assertion was also made by the plaintiff that its access as of the date of taking, were cut off. However, subsequent to that date, we know that the subject property now has access via the relocated East Service Road also via Saybrook Street. The plaintiff claims damages for this on the basis of the situation prevalent as of the taking date. In most cases such a position is a proper one to take. In this case, CT Page 9804 however, the new and relocated East Service Road now provides access to the property. In Tandet vs. Urban Development Commissioner, 179 Conn. 293, 304 the court stated the following.
 "While it is true that the fair market value of land that is taken . . . is ordinarily measured on the date of the taking, we know of no reason . . . for an appraiser who seeks to establish market value to rely upon hypothetical projections of events subsequent to the taking when facts indicating what actually occurred are readily available."
In view of this pronouncement, the question of access is decided on the basis of the access now provided to the premises by the new Service Road.
Based upon my viewing of the property and considering all the evidence, and my own knowledge of the elements constituting value, it is concluded that the damages sustained by the plaintiff as a result of the taking were $135,000.
Judgment may enter for the plaintiff for the further sum of $53,000 in addition to the $82,000 already paid, together with interest on said further sum of $53,000 at the rate of 10% from the date of taking to the date of payment, together with costs and an allowance of $2,000 as an appraiser's fee.
Alexander, State Trial Referee.